UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARDON MILTON PALMER (A-214-963-954),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,<br>Respondents. | No. 1:26-cv-06738-DC-SCR (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 8) |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 9, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days.[1] (Doc. No. 8.) On October 13, 2026, Respondents filed objections to the findings and recommendations. (Doc. No. 9.) Respondents object to the magistrate judge's recommendation for "immediate release

[1] As Petitioner is proceeding pro se and the court will be granting the relief he seeks, the court will not await the filing of objections by Petitioner as that would delay the relief he seeks in his petition.

of an individual with [a] criminal history who is refusing to avail himself of the available statutory bond process." (*Id.* at 1.) Respondents argue that the magistrate judge's "finding of a due process right to a predeprivation hearing at which the government bears the burden of proof is erroneous." (*Id.* at 2.) Citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022), Respondents further assert that "the Court must defer to [8 U.S.C. § 1226(a)], rather than create alternative process out of whole cloth." (*Id.*) However, those arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases.

Specifically, this court has held that noncitizens admitted to the United States pursuant to a visa, but not detained within a reasonable time after the expiration of their lawful status, develop a vested liberty interest in remaining free from detention such that due process forbids the government from detaining the noncitizen unless they are first provided with adequate notice and a pre-deprivation hearing before a neutral arbiter at which bond must be considered. *See Oliveira Tinoco v. Albarran*, No. 1:26-cv-05505-DC-CKD, 2026 WL 2949219, at *5–7 (E.D. Cal. Oct. 1, 2026) (granting motion for temporary restraining order and petition for a writ of habeas corpus on due process grounds for the petitioner who had overstayed her visa); *Yang v. Warden, Cent. Valley Annex*, No. 1:26-cv-07250-DC-AC, 2026 WL 2982933 (E.D. Cal. Oct. 5, 2026) (same); *Velasquez Leon v. U.S. Attorney General/ICE*, No. 1:26-cv-07221-DC-CKD, 2026 WL 2982950 (E.D. Cal. Oct. 5, 2026) (same). This line of cases applies directly to Petitioner who was detained for overstaying his visa more than a decade after that visa expired. (Doc. No. 5-1.) Further, during the thirteen years he has lived in the United States, Petitioner has submitted multiple immigration-related applications to the Department of Homeland Security via the United States Citizenship and Immigration Services, and has worked pursuant to the resulting employment authorization document granted to him. (*Id.*; Doc. No. 1 at 2–3.)

Moreover, Respondents neither argue nor explain why Petitioner's purported criminal history renders inapplicable this court's previous determination that noncitizens previously released into the United States are entitled to a pre-deprivation bond hearing before they can be re-detained. The undersigned is unpersuaded that the mere mention of Petitioner's "criminal history" consisting of charges that were "dropped/abandoned" three weeks after they were

brought, and before Petitioner was detained by immigration authorities, is sufficient to explain why Petitioner was not entitled to due process before his immigration detention.[2] (*See* Doc. Nos. 9 at 1; 5 at 1; 5-2 at 4–6); *see also Yang*, 2026 WL 2982933, at *2 (finding that release was appropriate for the noncitizen detained without a pre-deprivation bond hearing where the respondents "provide[d] the court with no argument as to how" the petitioner's criminal history had "any bearing on [the] case or the government's act of detaining Petitioner" pursuant to 8 U.S.C. § 1226(a)); *Velasquez Leon*, 2026 WL 2982950, at *2 (same where the respondents note the petitioner's earlier arrest that "was disposed of with 'no action,' but provide[d] the court with no argument as to how that dropped charge ha[d] any bearing on [the] case.").

Lastly, this court has held that a post-deprivation bond hearing cannot suffice as a post hoc cure for an earlier constitutional violation stemming from the government's failure to provide notice and a pre-deprivation bond hearing before revoking a noncitizen's government-sanctioned liberty. *See Oliveira Tinoco*, 2026 WL 2949219, at *4–6 (rejecting the respondents' suggestion that *Rodriguez Diaz*, 53 F.4th 1189 foreclosed due process relief in cases where the government seized "a person after years of government-sanctioned liberty without affording any prior process," and ordering that the petitioner be returned to the status quo ante litem) (citation modified). Thus, Respondents' objections provide no basis upon which to reject the findings and recommendations.

---

[2] The court notes a significant error in the Form I-213 Record of Deportable/Inadmissible Alien associated with Petitioner's relevant immigration detention, which Respondents attach and cite. (Doc. Nos. 5-1; 5 at 1.) The Form I-213 thrice references, and thus emphasizes, Petitioner's recent arrest, and specifically indicates that there was "No disposition found" for the resulting charges. (Doc. No. 5-1 at 2–3.) However, Petitioner's charges resulted in the disposition of "dropped/abandoned" before he was detained by immigration authorities—and prior to the preparation of the Form I-213. (Doc. Nos. 5-1; 5-2 at 5–6.) The error is "particularly troubling as it appears Respondents are relying on the information contained" in the Form I-213 yet do not acknowledge the inaccuracy before emphasizing in their papers that Petitioner has a "criminal history." (Doc. Nos. 5 at 1; 9 at 1). *See Oliveira Tinoco*, 2026 WL 2942919, at *2 n.3 (E.D. Cal. Oct. 1, 2026) (noting troubling errors in the Form I-213 relied upon by the government); *Velasquez Leon*, 2026 WL 2982950, at *2 n.1 (E.D. Cal. Oct. 5, 2026) (same); *Querino Dos Santos v. Warden*, No. 1:26-cv-7405-DC-AC, 2026 WL 3000526, at *2 n.2 (E.D. Cal. Oct. 6, 2026) (same); *Lara Agramonte v. Central Valley Annex*, No. 1:26-cv-7499-DC-JDP, 2026 WL 3034261, at *1 n.1 (E.D. Cal. Oct. 9, 2026) (same in findings and recommendations adopted by this court).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 9, 2026 (Doc. No. 8), are ADOPTED;

2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED on due process grounds,[3] as follows:

   a. Petitioner Shardon Milton Palmer (A-214-963-954) shall be RELEASED IMMEDIATELY from Respondents' custody with the same conditions he was subject to immediately prior to his detention in July 2026. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

   b. Respondents shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;

   c. Within three (3) days from the date of entry of this order, Respondents shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;

   d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond

---

[3] Because the court is granting the petition on due process grounds, the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1166 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

e. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

3. The Clerk of the Court is directed to serve a copy of this order on California City Detention Facility; and

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 16, 2026**

Dena Coggins
United States District Judge